# EXHIBIT 1

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| **ESTATE OF TIMOTHY McCORKLE,** *by and through its personal representative* **TYLER SMITH,** | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **AUDIOLOGY DISTRIBUTION, LLC d/b/a HEAR USA,** Serve at: 5661 Telegraph Road, Suite 4B St. Louis, Missouri 63129-4275; | ) ) ) ) ) ) | |
| **MIDAMERICA DIVISION, INC. d/b/a HCA MIDWEST** Serve at: 5661 Telegraph Road, Suite 4B St. Louis, Missouri 63129-4275; | ) ) ) ) ) | Case No.: _____ Div.: _____ |
| **HOLLADAY PROPERTY SERVICES MIDWEST, INC.** Serve at: 120 South Central Avenue Clayton, Missouri 63105; | ) ) ) ) ) ) | |
| **HEALTHPEAK PROPERTIES, INC.** Serve at: 5661 Telegraph Road, Suite 4B St. Louis, Missouri 63129-4275; | ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| **MARK R. KILLMAN (*individually*)** Serve at: 19550 East 39th Street, Suite 415, Independence, Missouri 64057 | ) ) ) ) | |

1

**MARK R. KILLMAN, M.D., P.C.**
Serve at:
4550 Belleview
Kansas City, Missouri 64111

and

**EMG PHYSICAL MEDICINE AND
REHABILITATION**
Serve at:
19550 East 39th Street, Suite 415,
Independence, Missouri 64057

               Defendants.

## PETITION FOR DAMAGES

COMES NOW, Tyler Smith, in his capacity as personal representative of the Estate of Timothy John McCorkle, by and through undersigned counsel of record, and for its cause of action against Defendants Audiology Distribution, LLC d/b/a Hear USA (hereinafter "Hear USA"), MidAmerica Division, Inc. d/b/a HCA Midwest (hereinafter "HCA"), Holladay Property Services Midwest, Inc. (hereinafter "Holladay"), Healthpeak Properties, Inc. (hereinafter "Healthpeak"), EMG Physical Medicine and Rehabilitation (hereinafter "EMG"), Mark R. Killman (hereinafter "Killman"), and Mark R. Killman, M.D., P.C. (hereinafter "Killman P.C.") (collectively "Defendants"), states and alleges as follows:

**Table of Claims**

| CLAIM | CASE TYPE | PAGE NO. |
|---|---|---|
| I. Sex Discrimination in a Public Accommodation; MHRA | TK | 19 |
| II. Sex Harassment/Hostile Environment in Public Accommodation; MHRA | TK | 22 |
| III. Retaliation in Public Accommodation; MHRA | TK | 25 |
| IV. Retaliatory Harassment/Hostile Environment in Public Accommodation, MHRA | TK | 27 |
| V. Sex Discrimination in Employment; MHRA | TJ | 31 |
| VI. Sex Harassment/Hostile Work Environment in Employment; MHRA | TJ | 34 |
| VII. Retaliation in Employment; MHRA | TJ | 37 |
| VIII. Retaliatory Harassment in Employment, MHRA | TJ | 41 |
| IX. Aiding, abetting, inciting, compelling, and/or coercing; MHRA | TK | 45 |
| X. Missouri Whistleblower Protection Act | TI | 48 |
| X. Missouri Minimum Wage Law, Failure to Pay Overtime | TI | 51 |

**Parties**

1.      The Plaintiff herein is the Estate of Timothy John McCorkle and this action

is being brought by its duly appointed personal representative Tyler Smith.

2.      On the 17th day of July, 2025, in Clay County Case No. 25CY-PR00498, Tyler Smith was appointed as personal representative for the Estate of Timothy John McCorkle and brings this action on behalf of the estate.

3.      Timothy McCorkle (hereinafter, for convenience, referred to as "Plaintiff") was at all times pertinent to this Petition an individual residing in the State of Missouri.

4.      Defendant Hear USA is, and at all times pertinent to this Petition was, a Delaware limited liability company with its principal place of business located at 11400 North Jog Road, Suite 200, Palm Gardens, Florida 33418, and a business address of 19550 East 39th Street, Suite 405, Independence, Jackson County, Missouri.

5.      At all relevant times, Defendant Hear USA was the employer of Plaintiff.

6.      Defendant HCA is, and at all times pertinent to this Petition was, a Kansas corporation with its principal place of business located at 1 Park Plaza, Nashville, Tennessee 37203, and a business address of 19600 East 39th Street, Independence, Missouri.

7.      Defendant Holladay is, and at all times pertinent to this Petition was, a Delaware corporation with its principal place of business located at 3454 Douglas Road, Suite 250, South Bend, Indiana 46635, and a business address of 19550 East 39th Street, Independence, Jackson County, Missouri.

8.      Defendant Healthpeak is, and at all times pertinent to this Petition was, a Maryland corporation with its principal place of business located at 4600 South Syracuse Street, Suite 500, Denver, Colorado 80237, and a business address of 19550 East 39th Street, Independence, Jackson County, Missouri.

4

9.      Defendant EMG is, and at all times pertinent to this Petition was, a Missouri professional corporation with its principal place of business and business address at 19550 East 39th Street, Suite 415, Independence, Jackson County, Missouri 64057.

10.     Upon information and belief, Defendant Killman is, and at all times pertinent to this Petition was a resident of the state of Missouri.

11.     Defendant Killman P.C. is, and at all times pertinent to this Petition was, a Missouri professional corporation with its principal place of business and business address at 19550 East 39th Street, Suite 415, Independence, Jackson County, Missouri 64057.

## Jurisdiction and Venue

12.     This is a lawsuit based upon and arising under the Missouri Minimum Wage Law, RSMo. §§ 290.500 *et seq.* ("MMWL"), the Missouri Human Rights Act, RSMo. §§ 213.010 *et seq.*("MHRA"), and the Missouri Whistleblower Protection Act, RSMo. § 285.575 ("MWPA").

13.     As explained herein, this Court has proper jurisdiction and venue over all factual and legal matters relevant to this cause of action.

14.     The unlawful acts, omissions, behaviors, events, policies, and practices set forth herein were committed in Jackson County, Missouri.

15.     Jurisdiction and venue are proper in Jackson County, Missouri, pursuant to RSMo. §§508.010 and 213.111.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

**Administrative Procedures**

16.     On or about August 28, 2024, Plaintiff timely filed separate Charges of Discrimination against HCA, Holladay, Healthpeak, EMG, Killman, and Killman P.C., with the Missouri Commission on Human Rights ("MCHR").

17.     On or about August 28, 2024, Plaintiff timely filed a Charge of Discrimination against Defendant Hear USA, which was dually filed with the MCHR against Hear USA. with the Equal Employment Opportunity Commission ("EEOC").

18.     The August 28, 2024, Charges of Discrimination are attached hereto as Exhibits A, B, C, D, and E, and incorporated by reference herein as if fully set forth.

19.     On or about December 11, 2024, Plaintiff timely filed Amended Charges of Discrimination with the MCHR against HCA, Holladay, Healthpeak, and Killman. The Amended Charges of Discrimination are attached hereto as Exhibits F, G, H, and I, and incorporated by reference herein as if fully set forth.

20.     On or about December 11, 2024, Plaintiff timely filed an Amended Charge of Discrimination against Defendant Hear USA, which was dually filed with the MCHR with the EEOC. The Amended Charge of Discrimination is attached hereto as Exhibit J, and incorporated by reference herein as if fully set forth.

21.     On or about March 7, 2025, Plaintiff timely filed a Second Amended Charge of Discrimination against Defendant Hear USA with the EEOC which was dually filed with the MCHR against Defendant. The Second Charge of Discrimination is attached hereto as Exhibit K and incorporated by reference herein as if fully set forth. This Second Amended Charge of Discrimination is currently pending with the MCHR.

22.     Plaintiff has requested the MCHR issue to Plaintiff a Notice of Right to Sue regarding the Second Amended Charge of Discrimination, which was treated as a separate Charge of Discrimination by the EEOC/MCHR.

23.     The MCHR issued the Notice of Right to Sue to Plaintiff for the First Amended Charge against Hear USA on or about May 19, 2025. The notices are attached hereto as Exhibit P and incorporated by reference herein as if fully set forth.

24.     The MCHR issued the Notices of Right to Sue to Plaintiff for the Amended Charges on or about June 5, 2025. The notices are attached hereto as Exhibits L, M, N, and O and incorporated by reference herein as if fully set forth.

25.     This lawsuit has been filed within 90 days of the issuance of the MCHR's Notices of Right to Sue.

26.     The aforesaid Charges of Discrimination provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an MCHR investigation which could reasonably be expected to have grown out of the Charges of Discrimination.

27.     Upon information and belief, Defendants received notice of the aforementioned Charges of Discrimination.

28.     The MCHR continues to investigate the incidents alleged in the Second Charge of Discrimination against Defendant Hear USA.

29.     Once the MCHR has issued the Right to Sue on the Second Amended Charge, Plaintiff will seek to Amend this Petition to include it.

30.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

<u>**Background**</u>

31.     Plaintiff's sex is male.

32.     Plaintiff was employed by Defendant Hear USA.

33.     During his employment, Plaintiff worked for Defendant Hear USA at the medical and office building located at 19550 East 39th Street, Independence, Missouri (hereinafter, the "Building").

34.     The Building offered a variety of goods and services to the public, including medical care and treatment.

35.     At all pertinent times, the Building was and is a place of public accommodation.

36.     Plaintiff, at all pertinent times, was qualified for his position with Hear USA.

37.     During Plaintiff's employment with Defendant Hear USA, he was subjected to inappropriate, harassing, discriminatory, behavior by Defendants EMG, Killman P.C., and Killman through the actions of Defendant Killman.

38.     Specifically, when Plaintiff would enter the restroom available for employees of Hear USA, Defendant Killman would often be present and be watching pornography, masturbate, and make inappropriate noises of a sexual nature.

39.     On information and belief, Defendant Killman maintains a private bathroom space located inside his suite in the Building.

40.     Beginning in or about 2021, Plaintiff heard sounds of moaning coming from one of the stalls on numerous occasions when he would enter the restroom located at the Building.

41.     Plaintiff recognized Defendant Killman as the individual making the noises.

42.     When Plaintiff first experienced the inappropriate behavior of Defendant Killman, the noises were audible to Plaintiff.

43.     Plaintiff reported this behavior to Defendant Hear USA through his District Manager (herein referred to as "District Manager 1").

44.     Plaintiff's District Manager 1 acknowledged the behavior Plaintiff experienced was inappropriate.

45.     From approximately 2021 to 2023, Plaintiff continued to hear the inappropriate, sexual noises on numerous occasions in the restroom, and began hearing pornography emanating from the bathroom stall.

46.     As time progressed, the noises, masturbation, and pornography became louder and more pronounced.

47.     In or about August 2023, Plaintiff again reported the inappropriate, harassing, discriminatory behavior, this time to Defendant Hear USA through another of Plaintiff's District Managers (herein referred to as "District Manager 2), and to Defendants HCA, Holladay, and Healthpeak, through the Property Manager (herein referred to "Property Manager").

48.     The Property Manager informed Plaintiff that it was good to report the inappropriate behavior to the property manager.

9

49.     When Plaintiff reported Defendant Killman's behavior to the Property Manager, she acknowledged that Defendant Killman is "weird."

50.     The Property Manager also asked Plaintiff whether Plaintiff had read Defendants' EMG, Killman P.C., and  Killman's reviews and noted that Defendant Killman is "sick."

51.     Upon information and belief, Defendants HCA, Holladay, and Healthpeak, and the Property Manager did not take any action against Defendant Killman as a result the report.

52.     Following the report, the Property Manager would check in with Plaintiff.

53.     Each time the Property Manager checked in with Plaintiff, Plaintiff would report the inappropriate, sexual, discriminatory, harassing behavior.

54.     The Property Manager still refused to take action in response to Plaintiff's reports.

55.     As such, Defendant Killman's inappropriate, sexual, harassing, discriminatory behavior continued.

56.     In or about June 2024, after making several reports to Defendants, Plaintiff called the police to report the behavior.

57.     On or about June 26, 2024, Plaintiff witnessed Defendant Killman loudly playing pornography and masturbating in the bathroom stall that was intended for public use at the Building.

58.     Plaintiff reported the incident to the Property Manager and asked her to accompany him to the bathroom as a witness to the behavior.

59.    The Property Manager also witnessed Defendant Killman's behavior and reported the incident to security.

60.    Upon information and belief, other than involving security, the Property Manager took no other action.

61.    Similarly, security did not react to the Property Manager's report.

62.    On or about June 27, 2024, Plaintiff reported Defendant Killman's behavior to the Independence Police Department.

63.    Plaintiff advised the police that he had experienced this behavior from Defendant Killman numerous times.

64.    Plaintiff also advised the police that he had reported Defendant Killman's behavior to Defendants several times.

65.    Plaintiff provided a recording from the bathroom of Defendant Killman's behavior to the police.

66.    After making the police report, Plaintiff continued to experience the inappropriate, discriminatory, sexual behavior from Defendant Killman.

67.    In fact, Defendant Killman's behavior became more outrageous and retaliatory following the police report.

68.    On or about August 2, 2024, Defendant Killman entered the offices of Hear USA, demanding to see Plaintiff.

69.    Plaintiff was frightened and refused to see or engage with Defendant Killman.

70.     Plaintiff was so frightened and distressed by the encounter with Defendant Killman that Plaintiff was forced to use his personal paid time off to avoid further harassment, discrimination, and retaliation from Defendant Killman.

71.     Defendant Hear USA did not take adequate steps to protect Plaintiff or to quell the discrimination, harassment, and retaliation he was experiencing in his place of work.

72.     On or about August 5, 2024, Plaintiff was approached by Defendant Killman when Plaintiff entered the bathroom.

73.     Defendant Killman asked Plaintiff to join him in the bathroom stall to watch the pornography and participate in the masturbation.

74.     Plaintiff was emotionally distraught and shocked by the nature of the request and left the bathroom.

75.     The next day, on August 6, 2024, Defendant Killman again entered the offices for Defendant Hear USA.

76.     Plaintiff instructed Defendant Killman to leave the office.

77.     Defendant Killman refused and began walking towards Plaintiff's office within the suite.

78.     Plaintiff was forced to lock himself in his office and call the police to report the behavior to the Independence Police Department.

79.     The police officer noted that Plaintiff was visibly distraught while making the report of Defendant Killman's behavior.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

80.     The distress caused by the actions and inactions of Defendants, required Plaintiff to be escorted from his place of employment.

81.     After making the second police report, Plaintiff continued to experience the inappropriate, sexual, discriminatory, retaliatory behavior from Defendant Killman.

82.     After making the second police report, upon information and belief, Defendants still took no action to prevent the harassment and discrimination Plaintiff was experiencing.

83.     Plaintiff was so shocked and distressed by the continuous behavior of Defendant Killman and the lack of any response from Defendants that Plaintiff sought an order of protection to prevent Defendant Killman continuing to subject Plaintiff to the behavior.

84.     Plaintiff requested assistance from Defendant Hear USA in obtaining the order of protection, but Defendant Hear USA refused to provide such assistance.

85.     Instead, Defendant Hear USA instructed Plaintiff to simply lock the door to the office.

86.     On November 14, 2024, Plaintiff again experienced Defendant Killman's inappropriate, sexual, harassing, discriminatory behavior.

87.     Plaintiff, acting with the extreme caution he felt necessary due to the extreme circumstances, had begun checking the bathroom to make sure it was empty.

88.     Plaintiff did this because he was scared that Defendant Killman would be waiting for him in the bathroom.

89.     On or about November 14, 2024, Plaintiff checked to see if anyone was in the bathroom before he entered.

90.     Believing the bathroom was empty, Plaintiff entered only to be met with inappropriate, sexual noises coming from the bathroom stall.

91.     Again, Plaintiff witnessed Defendant Killman watching Plaintiff while Defendant Killman masturbated.

92.     On November 15, 2024, Plaintiff made a third report to the Independence Police Department.

93.     Also on or about November 15, 2024, Plaintiff received a call from Defendant Hear USA regarding Plaintiff's ongoing concerns.

94.     During this call, Defendant Hear USA declared that it was not responsible for the behavior occurring at its Independence office.

95.     Defendant Hear USA stated it would ask Defendants HCA, Holladay, and Healthpeak to handle the issue but indicated Defendant Hear USA would not take any other action with regard to the harassment Plaintiff was experiencing at its location.

96.     Following Plaintiff's reports of sexual harassment and discrimination to Defendant Hear USA, Plaintiff began receiving negative treatment from Defendant Hear USA.

97.     Defendant Hear USA began reducing Plaintiff's hours, causing a negative impact on Plaintiff's earnings.

98.     In or around January 2024, Defendant Hear USA's Independence location experienced technological failures for nearly a month, that could have easily been remedied by Defendant Hear USA's information technology (IT) department.

99.     In or around January 2024, Defendant Hear USA also failed to provide Plaintiff with the equipment necessary for Plaintiff to make sales.

100.    In or around June 2024, when Plaintiff submitted tickets for assistance to Defendant Hear USA's IT department, the tickets would be closed without resolving the issue.

101.    In or around July 2024, Plaintiff began receiving fake appointments on his calendar which resulted in Plaintiff being unable to make any sales during those times.

102.    Beginning in August 2024 and through the end of his employment with Defendant Hear USA, Defendant Hear USA would book fake clients on Plaintiff's schedule with the intent, upon information and belief, to lower Plaintiff's clinic performance numbers.

103.    Beginning in or about August 2024, Plaintiff was left out of important communications and not given important operational information by Defendant Hear USA.

104.    In or around October 2024 and again in December 2024, Plaintiff asked Defendant Hear USA for telehealth appointments to be sent to him; they were being sent to another office in Missouri.

105.    Defendant Hear USA refused to provide the same telehealth opportunities to Plaintiff as the other Missouri office.

106.    Defendant Hear USA delayed granting Plaintiff's request for PTO submitted in November 2024.

107.    Defendant Hear USA refused to correct an IT issue in December 2024/January 2025 which essentially shut down one of the clinics Plaintiff worked at.

108.    On December 12, 2024, Plaintiff received a retaliatory performance review from Defendant Hear USA that included untrue information.

109.    Also in December 2024, Defendant Hear USA subjected Plaintiff to an audit in a pretextual attempt at finding flaws with Plaintiff's work performance.

110.    Throughout this time period, Defendant Hear USA made business decisions specific to the clinics Plaintiff was a provider at to lower his clinic revenue, thereby negatively affecting Plaintiff's commissions.

111.    Defendant Hear USA pushed to close one of the clinics Plaintiff worked at.

112.    Defendant Hear USA failed to provide Plaintiff with adequate staff.

113.    In or around January 2025, Plaintiff sought to meet with his Regional Director to discuss the discrimination, harassment and retaliation he was experiencing.

114.    Plaintiff's Regional Director ignored the request and did not meet with Plaintiff.

115.    In or around January 2025, Plaintiff also sought to meet with Defendant Hear USA's CEO, also to discuss the discrimination, harassment and retaliation he was experiencing.

116.    Defendant Hear USA's CEO also ignored the request and did not meet with Plaintiff.

117.    In or around January 2025, when Plaintiff reported for work, he realized he was locked out of Defendant Hear USA's technology systems.

118.    Being locked out of Defendant Hear USA's technology systems meant Plaintiff was unable to perform his work for Defendant Hear USA.

119.    Defendant terminated Plaintiff's employment.

120.    Defendant Hear USA contends it mistakenly terminated Plaintiff's employment.

121.    Alternatively, Defendant Hear USA constructively discharged Plaintiff.

122.    The end of Plaintiff's employment with Defendant Hear USA was not voluntary, rather, due to the actions and inactions of Defendant Hear USA, Defendant Hear USA made it impossible for Plaintiff to continue working in the environment of discrimination, harassment, and retaliation described herein.

123.    Plaintiff's wages were directly and negatively impacted by Defendant Hear USA's actions.

124.    During Plaintiff's employment with Hear USA, Plaintiff was subjected to different terms and conditions of employment due to his sex.

125.    During Plaintiff's employment with Hear USA, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination based upon his sex.

126.    During Plaintiff's employment with Defendant Hear USA, Plaintiff was subjected to different terms and conditions of employment due to engaging in protected activity under the MHRA.

17

127.    Defendants each, directly or indirectly, refused, withheld from, and denied, and attempted to refuse, withhold from, and deny Plaintiff the accommodations, advantages, facilities, services, and privileges made available at Defendants' place of public accommodation.

128.    At all relevant times, Defendants Hear USA, Holladay, Healthpeak, Killman P.C., and EMG operated businesses at 19550 East 39th Street, Independence, Missouri.

129.    At all relevant times, Defendant HCA operated a business at 19600 East 39th Street, Independence, Missouri.

130.    Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff endured as discussed herein.

131.    Defendants failed to properly supervise its employees and/or tenants to prevent discrimination, harassment, and retaliation.

132.    Plaintiff was employed as a non-exempt, hourly paid employee by Defendant Hear USA.

133.    While employed by Defendant Hear USA, Plaintiff was also compensated through monthly commission payments

134.    Although Plaintiff frequently worked more than 40 hours in a workweek, it was the policy of Defendant Hear USA for Plaintiff to only record hours up to 40 in a workweek to prevent incurring overtime hours.

135.    Additionally, Plaintiff frequently performed work off the clock, specifically during his meal breaks.

136.     As such, Plaintiff's wage statements do not accurately reflect the hours he actually worked and the wages he actually earned.

137.     Defendant Hear USA knew or should have known that Plaintiff was working off the clock without compensation but Defendant Hear USA suffered or permitted Plaintiff to work those hours.

138.     On the rare occasion that Plaintiff was not required to manipulate his time entries and recorded hours in excess of 40 per workweek, he was only paid 1.5 times his standard hourly rate.

139.     Plaintiff was not paid 1.5 times his regular rate of pay for the hours he recorded in excess of 40 in a workweek.

### <u>COUNT I v. ALL DEFENDANTS</u>
### *Sex Discrimination in Public Accommodation*

140.     Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

141.     Plaintiff is male.

142.     Defendants were aware of Plaintiff's sex.

143.     Plaintiff's sex was the motivating factor in the discriminatory actions he experienced as described herein.

144.     Defendants denied and/or attempted to deny Plaintiff, on the basis of Plaintiff's sex, the full and equal use and enjoyment of the services, facilities, privileges, advantages, and accommodations of a place of public accommodation.

19

145. Plaintiff was denied services, privileges, facilities, advantages, and accommodations by Defendants because of his sex

146. Defendants directly or indirectly refused, withheld or attempted to withhold the accommodations, advantages, facilities, services, and privileges from Plaintiff made available in a place of public accommodation.

147. Defendants failed to make good faith efforts to establish, enforce, and carry out policies and procedures to prevent illegal discrimination.

148. Defendants failed to take such steps as were necessary to ensure that Plaintiff was not excluded, denied services, segregated, or otherwise treated differently due to his sex.

149. Plaintiff's sex actually played a role in the discrimination described herein and had a determinative influence on the behavior inflicted on Plaintiff.

150. Defendants knew, or should have known, of the discrimination described herein but failed to take prompt remedial action to stop it.

151. Defendants treated Plaintiff differently, and more negatively, than others because of his sex.

152. All actions or inactions of or by Defendants occurred by Defendants themselves or through their owners, agents, servants, managers, members, or employees acting within the course and scope of their employment.

153. As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, degradation, humiliation,

anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

154.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages including past and future business income and profits, past and future lost wages and benefits, front pay, back pay, and past and future pecuniary losses.

155.    The conduct of Defendants was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.

156.    Plaintiff has incurred, will incur, and/or continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

157.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

158.    Plaintiff seeks the Court's order granting equitable relief to require Defendants to comply with the MHRA and to make Plaintiff whole.

159.    Plaintiff seeks prejudgment interest and post-judgment interest.

160.    Plaintiff seeks all damages permitted by law.

161.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally, for all damages available under law, for all damages stated herein, for past and future lost wages and benefits, past and future pecuniary damages, back pay, front pay, non-pecuniary damages, emotional distress damages, for actual, compensatory, special,

and punitive damages[1] in an amount which is fair and reasonable, a finding that he is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, and for equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT II v. ALL DEFENDANTS
### *Sex Hostile Environment/Harassment in Public Accommodation*

162.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

163.    Plaintiff was subjected to harassment in his use of a place of public accommodation by Defendants based on his sex.

164.    Plaintiff was subjected to discriminatory intimidation, ridicule, and insult in his use of a place of public accommodation by Defendants due to his sex.

165.    The harassment by Defendants was severe and/or pervasive.

166.    The harassment by Defendants created an abusive environment for using the place of public accommodation.

167.    The terms, conditions, and/or privilege of the Plaintiff's use of a place of public accommodation were affected by the harassment.

168.    Defendants knew, or should have known, of the harassment described herein but failed to take prompt remedial action to stop it.

---

[1] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

169.   Indeed, they took no remedial action whatsoever, despite repeated requests from Plaintiff.

170.   Plaintiff's sex actually played a role in the harassment.

171.   Plaintiff's sex motivated the harassment.

172.   Plaintiff was treated differently, and subjected to the harassment, because of his sex.

173.   Defendants incorrectly applied their policies and procedures in regard to Plaintiff because of his sex.

174.   Plaintiff was deprived of full and equal use and enjoyment of a place of public accommodation because of his sex.

175.   Defendants' actions constitute unlawful discrimination against Plaintiff in violation of the MHRA.

176.   All actions or inactions of or by Defendants occurred by Defendants themselves or through their owners, gents, servants, managers, members, or employees acting within the course and scope of their employment.

177.   As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

178.   As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages including past and future business income

and profits, past and future lost wages and benefits, front pay, back pay, and past and future pecuniary losses.

179.    The conduct of Defendants was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.

180.    Plaintiff has incurred, will incur, and/or continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

181.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

182.    Plaintiff seeks the Court's order granting equitable relief to require Defendants to comply with the MHRA and to make Plaintiff whole.

183.    Plaintiff seeks prejudgment interest and post-judgment interest.

184.    Plaintiff seeks all damages permitted by law.

185.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally, for all damages available under law, for all damages stated herein, for past and future lost wages and benefits, past and future pecuniary damages, back pay, front pay, non-pecuniary damages, emotional distress damages, for actual, compensatory, special, and punitive damages[2] in an amount which is fair and reasonable, a finding that he is the

---

[2] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See, e.g., McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

24

prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, and for equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III v. DEFENDANTS HEAR USA, EMG, KILLMAN P.C., AND KILLMAN INDIVIDUALLY
### *Retaliation in Public Accommodation*

186.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

187.    Plaintiff engaged in protected activity by reporting discrimination and harassment by Defendants Hear USA, EMG, Killman P.C., and Killman individually.

188.    Defendants Hear USA, EMG, Killman P.C., and Killman individually engaged in retaliation against Plaintiff in response to him engaging in protected activity.

189.    Plaintiff's protected complaints actually played a role in the retaliation.

190.    Plaintiff's protected complaints motivated the retaliation.

191.    Plaintiff was deprived of full and equal use and enjoyment of a place of public accommodation because of retaliation.

192.    Due to Plaintiff engaging in protected activity, Defendants Hear USA, EMG, Killman P.C., and Killman individually failed to take such steps as were necessary to ensure that Plaintiff was not excluded, denied services, segregated, or otherwise treated differently.

193.    Defendants Hear USA, EMG, Killman P.C., and Killman individually knew, or should have known, of the retaliation described herein but failed to take prompt remedial action to stop it.

194. Defendants' actions constitute unlawful retaliation against Plaintiff in violation of the MHRA.

195. All actions or inactions of or by Defendants occurred by Defendants themselves or through their owners, gents, servants, managers, members, or employees acting within the course and scope of their employment.

196. As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

197. As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages including past and future business income and profits, past and future lost wages and benefits, front pay, back pay, and past and future pecuniary losses.

198. The conduct of Defendants was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.

199. Plaintiff has incurred, will incur, and/or continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

200. Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

201. Plaintiff seeks the Court's order granting equitable relief to require Defendants to comply with the MHRA and to make Plaintiff whole.

202. Plaintiff seeks prejudgment interest and post-judgment interest.

203. Plaintiff seeks all damages permitted by law.

204. Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally, for all damages available under law, for all damages stated herein, for past and future lost wages and benefits, past and future pecuniary damages, back pay, front pay, non-pecuniary damages, emotional distress damages, for actual, compensatory, special, and punitive damages[3] in an amount which is fair and reasonable, a finding that he is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees incurred herein, and for equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT IV v. DEFENDANTS HEAR USA, EMG, KILLMAN P.C., AND KILLMAN INDIVIDUALLY
### *Retaliatory Hostile Environment/Harassment in Public Accommodation*

205. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

---

[3] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See*, *e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

206.    Plaintiff was subjected to harassment in his use of a place of public accommodation by Defendants based on his engaging in protected activity of reporting discrimination and harassment under the MHRA.

207.    Plaintiff was subjected to retaliatory intimidation, ridicule, and insult in his use of a place of public accommodation by Defendants Hear USA, EMG, Killman P.C., and Killman individually due to engaging in protected activity.

208.    The harassment by Defendants Hear USA, EMG, Killman P.C., and Killman individually was severe and/or pervasive.

209.    The harassment by Defendants Hear USA, EMG, Killman P.C., and Killman individually created an abusive environment for using the place of public accommodation.

210.    The terms, conditions, and/or privilege of the Plaintiff's use of a place of public accommodation were affected by the harassment.

211.    Defendants Hear USA, EMG, Killman P.C., and Killman individually knew, or should have known, of the harassment described herein but failed to take prompt remedial action to stop it.

212.    Indeed, they took no remedial action whatsoever, despite repeated requests from Plaintiff.

213.    Plaintiff engaging in protected activity actually played a role in the harassment.

214.    Plaintiff engaging in protected activity motivated the harassment.

215.    Plaintiff was treated differently, and subjected to the harassment, because he engaged in protected activity.

28

216.    Defendants Hear USA, EMG, Killman P.C., and Killman individually incorrectly applied their policies and procedures in regard to Plaintiff because he engaged in protected activity.

217.    Plaintiff was deprived of full and equal use and enjoyment of a place of public accommodation because he engaged in protected activity.

218.    Defendants' Hear USA, EMG, Killman P.C., and Killman individually actions constitute unlawful retaliatory harassment against Plaintiff in violation of the MHRA.

219.    All actions or inactions of or by Defendants occurred by Defendants themselves or through their owners, gents, servants, managers, members, or employees acting within the course and scope of their employment.

220.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

221.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages including past and future business income and profits, past and future lost wages and benefits, front pay, back pay, and past and future pecuniary losses.

222.    The conduct of Defendants was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.

223.    Plaintiff has incurred, will incur, and/or continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

224.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

225.    Plaintiff seeks the Court's order granting equitable relief to require Defendants to comply with the MHRA and to make Plaintiff whole.

226.    Plaintiff seeks prejudgment interest and post-judgment interest.

227.    Plaintiff seeks all damages permitted by law.

228.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally, for all damages available under law, for all damages stated herein, for past and future lost wages and benefits, past and future pecuniary damages, back pay, front pay, non-pecuniary damages, emotional distress damages, for actual, compensatory, special, and punitive damages[4] in an amount which is fair and reasonable, a finding that he is the prevailing party in this matter, all costs, expenses, expert witness fees and attorneys' fees

---

[4] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See, e.g., McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

incurred herein, and for equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT V v. DEFENDANT HEAR USA
### *Sex Discrimination in Employment*

229.     Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

230.     During Plaintiff's employment with Defendant Hear USA, he was subjected to different terms and conditions of employment and an ongoing practice and/or a pattern of discrimination/disparate treatment based on his sex, male.

231.     Defendant Hear USA deprived Plaintiff of equal employment opportunity and adversely affected his status as an employee because of his sex.

232.     Defendant Hear USA's actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

233.     Plaintiff's sex actually played a role in and had a determinative influence on the adverse actions taken against Plaintiff as described herein, including but not limited to his termination.

234.     Plaintiff's sex was the motivating factor in the adverse actions taken against Plaintiff as described herein, including but not limited to his termination.

235.     At all pertinent times mentioned herein, all agents, servants, and employees of Defendant Hear USA were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Hear USA; thus, making Hear USA liable for such actions.

236. As the direct and proximate result of the unlawful conduct of Defendant Hear USA, Plaintiff has suffered damages.

237. Plaintiff has suffered and will continue to suffer loss of past and future wages and benefits.

238. Plaintiff has lost and seeks back pay and front pay.

239. Plaintiff suffered lost wages and benefits due to his termination.

240. Plaintiff has suffered damages and will suffer damages for future pecuniary and nonpecuniary losses.

241. Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, isolation, humiliation, loss of sleep, fear, a detrimental job record, and other nonpecuniary losses, all of a continuing and permanent nature.

242. The conduct of Defendant Hear USA was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.[5]

243. Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

244. Plaintiff seeks to recover his costs, expenses, expert witness fees, and attorneys' fees incurred, and which he continues to incur, in this matter.

---

[5] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See*, *e.g.*, *McNeil v. Brookfield MasterTenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

245.    Plaintiff seeks prejudgment and post-judgment interest at the highest lawful rate.

246.    Plaintiff seeks equitable relief to require Defendant Hear USA to comply with the MHRA and to make Plaintiff whole.

247.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant for past and future actual, compensatory, equitable, pecuniary, and economic damage to make Plaintiff whole, back pay and benefits, for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, and embarrassment, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant's malicious conduct or reckless indifference described herein in amounts fair and reasonable to be determined at trial[6]; for reasonable attorney's fees, witness fees, expenses, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed

---

[6] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that R.S.Mo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

33

by law; and for such other and further legal and equitable relief permitted by law and as this Honorable Court deems just and proper.

## COUNT VI – DEFENDANT HEAR USA
### *Sex Harassment/Hostile Work Environment in Employment*

248.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

249.    Plaintiff was subjected to harassment by Defendant Hear USA based on his sex.

250.    Plaintiff was subjected to discriminatory intimidation, ridicule, and insult by Defendant Hear USA due to his sex.

251.    The harassment by Defendant Hear USA of Plaintiff was severe and/or pervasive.

252.    The harassment by Defendant Hear USA of Plaintiff created an abusive working environment.

253.    The terms, conditions, and/or privilege of the Plaintiff's employment were affected by the harassment.

254.    Defendant Hear USA knew or should have known of the harassment described herein but failed to take prompt remedial action to stop or prevent it.

255.    Plaintiff was subject to harassment by a third party, Defendant Killman.

256.    This harassment was severe and persuasive.

257.    This harassment created and abusive working environment.

258.    The terms, conditions, and/or privilege of the Plaintiff's employment were affected by this harassment.

259.    Defendant Hear USA knew or should have known of the harassment described herein but failed to take prompt remedial action to stop or prevent it.

260.    Specifically, Plaintiff repeatedly told Defendant Hear USA about the harassment and requested something be done about it.

261.    Despite this, Defendant Hear USA failed to take any meaningful remedial action to stop or prevent the harassment.

262.    At all pertinent times mentioned herein, all agents, servants, and employees of Defendant were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant; thus, making Defendant liable for such actions.

263.    As the direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered damages.

264.    Plaintiff has suffered and will continue to suffer loss of past and future wages and benefits.

265.    Plaintiff has lost and seeks back pay and front pay.

266.    Plaintiff suffered lost wages and benefits due to his termination.

267.    Plaintiff has suffered damages and will suffer damages for future pecuniary and nonpecuniary losses.

268.    Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, isolation, humiliation, loss of sleep, fear, a detrimental job record, and other nonpecuniary losses, all of a continuing and permanent nature.

269.    The conduct of Defendant Hear USA was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.[7]

270.    Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

271.    Plaintiff seeks to recover his costs, expenses, expert witness fees, and attorneys' fees incurred, and which he continues to incur, in this matter.

272.    Plaintiff seeks prejudgment and post-judgment interest at the highest lawful rate.

273.    Plaintiff seeks equitable relief to require Defendant Hear USA to comply with the MHRA and to make Plaintiff whole.

274.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant for past and future actual, compensatory, equitable, pecuniary, and economic damage to make Plaintiff whole, back pay and benefits, for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices; for

---

[7] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See*, *e.g.*, *McNeil v. Brookfield MasterTenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

36

injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, and embarrassment, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant's malicious conduct or reckless indifference described herein in amounts fair and reasonable to be determined at trial[8]; for reasonable attorney's fees, witness fees, expenses, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief permitted by law and as this Honorable Court deems just and proper.

## COUNT VII v. DEFENDANT HEAR USA
### *Retaliation in Employment*

275.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

276.    Plaintiff engaged in protected activity under the MHRA by reporting the discrimination and harassment he was experiencing to Defendants.

---

[8] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that R.S.Mo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

277.    Defendant Hear USA took adverse actions against Plaintiff as a direct result of Plaintiff's complaints of discrimination and harassment.

278.    Due to Plaintiff engaging in protected activity, Defendant Hear USA failed to take such steps as were necessary to ensure that Plaintiff was not excluded, denied services, segregated, or otherwise treated differently.

279.    Defendant Hear USA knew, or should have known, of the retaliation described herein but failed to take prompt remedial action to stop it.

280.    Plaintiff engaging in protected activity actually played a role in the adverse actions and decisions described herein and had a determinative influence on the adverse decisions and actions.

281.    Defendant Hear USA treated Plaintiff differently, and more negatively, than others because of him engaging in protected activity.

282.    Defendant Hear USA retaliated against Plaintiff because he engaged in protected activity.

283.    Defendant Hear USA incorrectly applied their policies and procedures in regard to Plaintiff because of him engaging in protected activity.

284.    Defendant Hear USA failed to follow policies and procedures in regard to Plaintiff as to investigating his complaints due to him engaging in protected activity.

285.    Defendant Hear USA took adverse actions described above against Plaintiff as a result of his engaging in the aforementioned protected activity.

286.    Defendant Hear USA treated Plaintiff differently than others regarding the terms, conditions, and privileges of his employment, due to his engaging in protected activity.

287.    Defendant Hear USA deprived Plaintiff of equal employment opportunity and adversely affected his status as an employee because he engaged in protected activity.

288.    Plaintiff engaging in protected activity actually played a role in and had a determinative influence on the adverse actions taken against Plaintiff as described herein, including but not limited to, his pay and benefits and his termination/constructive discharge.

289.    Defendant Hear USA's actions constitute unlawful retaliation against Plaintiff in violation of the MHRA.

290.    All actions or inactions of or by Defendant occurred by Defendant themselves or through their owners, agents, servants, managers, members, or employees acting within the course and scope of their employment.

291.    Plaintiff has suffered and will continue to suffer loss of past and future wages and benefits.

292.    Plaintiff has lost and seeks back pay and front pay.

293.    Plaintiff suffered lost wages and benefits due to his termination.

294.    Plaintiff has suffered damages and will suffer damages for future pecuniary and nonpecuniary losses.

295.    Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, isolation, humiliation, loss of sleep, fear, a detrimental job record, and other nonpecuniary losses, all of a continuing and permanent nature.

296.    The conduct of Defendant Hear USA was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.[9]

297.    Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

298.    Plaintiff seeks to recover his costs, expenses, expert witness fees, and attorneys' fees incurred, and which he continues to incur, in this matter.

299.    Plaintiff seeks prejudgment and post-judgment interest at the highest lawful rate.

300.    Plaintiff seeks equitable relief to require Defendant Hear USA to comply with the MHRA and to make Plaintiff whole.

301.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant for past and future actual, compensatory, equitable, pecuniary, and economic damage to make Plaintiff whole, back pay and benefits, for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices; for

---

[9] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See*, *e.g.*, *McNeil v. Brookfield MasterTenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, and embarrassment, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant's malicious conduct or reckless indifference described herein in amounts fair and reasonable to be determined at trial[10]; for reasonable attorney's fees, witness fees, expenses, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief permitted by law and as this Honorable Court deems just and proper.

**COUNT VIII v. DEFENDANT HEAR USA**
***Retaliatory Harassment/Hostile Work Environment in Employment***

302.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

303.    Plaintiff engaged in protected activity by reporting the discrimination and harassment he was experiencing to Defendants.

---

[10] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that R.S.Mo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

304. In response to Plaintiff engaging in protected activity, Defendant Hear USA subjected Plaintiff to harassment and a hostile work environment.

305. Plaintiff was subjected to retaliatory intimidation, ridicule, and insult by Defendant Hear USA due to engaging in protected activity.

306. The harassment by Defendant Hear USA of Plaintiff was severe and/or pervasive.

307. The harassment by Defendant Hear USA of Plaintiff created an abusive working environment.

308. The terms, conditions, and/or privilege of the Plaintiff's employment were affected by the harassment.

309. Defendant Hear USA knew or should have known of the harassment described herein but failed to take prompt remedial action to stop or prevent it.

310. The harassing acts of Defendant Hear USA against Plaintiff were conducted by supervisors.

311. This harassment was severe and persuasive.

312. This harassment created and abusive working environment.

313. The terms, conditions, and/or privilege of the Plaintiff's employment were affected by this harassment.

314. Defendant Hear USA knew or should have known of the harassment described herein but failed to take prompt remedial action to stop or prevent it.

315. Specifically, Plaintiff repeatedly told Defendant Hear USA about the harassment and requested something be done about it.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

316.    Despite this, Defendant Hear USA failed to take any meaningful remedial action to stop or prevent the harassment.

317.    At all pertinent times mentioned herein, all agents, servants, and employees of Defendant were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant; thus, making Defendant liable for such actions.

318.    As the direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered damages.

319.    Plaintiff has suffered and will continue to suffer loss of past and future wages and benefits.

320.    Plaintiff has lost and seeks back pay and front pay.

321.    Plaintiff suffered lost wages and benefits due to his termination.

322.    Plaintiff has suffered damages and will suffer damages for future pecuniary and nonpecuniary losses.

323.    Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, isolation, humiliation, loss of sleep, fear, a detrimental job record, and other nonpecuniary losses, all of a continuing and permanent nature.

324.    The conduct of Defendant Hear USA was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.[11]

---

[11] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that RSMo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield MasterTenant, LLC*, No. 2116-

325.    Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

326.    Plaintiff seeks to recover his costs, expenses, expert witness fees, and attorneys' fees incurred, and which he continues to incur, in this matter.

327.    Plaintiff seeks prejudgment and post-judgment interest at the highest lawful rate.

328.    Plaintiff seeks equitable relief to require Defendant Hear USA to comply with the MHRA and to make Plaintiff whole.

329.    Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant for past and future actual, compensatory, equitable, pecuniary, and economic damage to make Plaintiff whole, back pay and benefits, for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, and embarrassment, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant's

---

CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

malicious conduct or reckless indifference described herein in amounts fair and reasonable to be determined at trial[12]; for reasonable attorney's fees, witness fees, expenses, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief permitted by law and as this Honorable Court deems just and proper.

## COUNT IX v. ALL DEFENDANTS
### *Aiding, Abetting, Inciting, Compelling, and/or Coercing Violations of the MHRA*

330.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

331.    As described herein, Plaintiff was subjected to unlawful discrimination, harassment, and retaliation in his employment and/or his use of a place of public accommodation (the Building) in violation of the MHRA.

332.    Plaintiff repeatedly made Defendants aware of this unlawful conduct.

333.    Defendants had the power to stop such unlawful conduct.

334.    Defendants failed to stop such unlawful conduct.

335.    Upon information and belief, each Defendant was aware of Plaintiff's complaints, and of the other Defendant's inaction.

336.    Such inaction in the face of these known complaints effectively served as a from of encouragement and support for such unlawful action.

---

[12] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that R.S.Mo. § 510.261 does not apply to his claim under the MHRA. *See, e.g., McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

45

337.    The inaction in the face of known complaints actually served to encourage and support the unlawful action and cause it to continue and to worsen.

338.    Defendants aided, abetted, incited, compelled, and coerced violations of the MHRA against Plaintiff, as described above.

339.    Defendants' actions constitute unlawful aiding, abetting, inciting, compelling, and/or coercing of such unlawful activity against Plaintiff in violation of the MHRA.

340.    All actions or inactions of or by Defendants occurred by Defendants themselves or through their owners, gents, servants, managers, members, or employees acting within the course and scope of their employment.

341.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

342.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages including past and future loss of business income and profits, and past and future lost wages and benefits.

343.    Plaintiff has lost front pay and back pay.

344.    The conduct of Defendants was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of punitive damages.

345. Plaintiff has incurred, will incur, and/or continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

346. Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

347. Plaintiff seeks the Court's order granting equitable relief to require Defendants to comply with the MHRA and to make Plaintiff whole.

348. Plaintiff seeks pre judgment interest and post judgment interest.

349. Plaintiff seeks all damages permitted by law.

350. Plaintiff requests damages in an amount which is fair and reasonable.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants for actual, compensatory, equitable, pecuniary, and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, loss of enjoyment of life, humiliation, and embarrassment, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant's malicious conduct or reckless indifference described

47

herein in amounts fair and reasonable to be determined at trial[13]; for reasonable attorney's fees, witness fees, expenses, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief permitted by law and as this Honorable Court deems just and proper.

### COUNT X v. DEFENDANT HEAR USA
#### *Violation of the Missouri Whistleblower Protection Act*

351. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

352. Plaintiff reported violations of the MHRA and other laws to Defendant Hear USA.

353. More specifically, Plaintiff reported said violations to his direct supervisor and to the Independence Police Department.

354. Thus, Plaintiff is a "protected person" who reported violations of law to the "proper authorities."

355. Plaintiff reported unlawful acts and serious misconduct of his employer that violates a clear mandate of public policy as articulated in statute and regulation promulgated under statute.

356. In response to Plaintiff's protected complaint, Defendant Hear USA retaliated against and terminated/constructively discharged Plaintiff.

---

[13] Plaintiff's claim of punitive damages is made conditionally, based upon Plaintiff's understanding that R.S.Mo. § 510.261 does not apply to his claim under the MHRA. *See, e.g.*, *McNeil v. Brookfield Master Tenant, LLC*, No. 2116-CV13820 (Jackson Co. Dec. 15, 2021). To the extent the statute does apply, Plaintiff does not seek punitive damages at this time, but will seek to amend this Petition to include such damages pursuant to the statute.

357. Plaintiff's protected classification actually played a role in his termination/constructive discharge and had a determinative influence on his termination/constructive discharge.

358. At all pertinent times mentioned herein, all agents, servants, and employees of Defendant Hear USA were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant Hear USA; thus, making Defendant Hear USA liable for such actions.

359. As the direct proximate result of the unlawful conduct of Defendant Hear USA, Plaintiff has suffered damages.

360. Plaintiff has suffered, will suffer, and seeks economic damages.

361. Plaintiff has suffered and will suffer loss of past and future wages and benefits.

362. Plaintiff seeks reinstatement, or front pay if reinstatement is not feasible.

363. Plaintiff has suffered damages for past and future pecuniary losses.

364. Plaintiff has suffered, will suffer, and seeks, non-economic damages.

365. Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of employment benefits, career damage, a detrimental job record, and other nonpecuniary losses, of a continuing and permanent nature.

366. The conduct of Defendant Hear USA was outrageous and evidenced an evil motive and/or conscious disregard for the rights of Plaintiff and others, entitling Plaintiff to an award of liquidated damages.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

367.     Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the WPA.

368.     Plaintiff seeks interest on back pay and all economic and non-economic damage, as permitted by law.

369.     Plaintiff seeks prejudgment and post-judgment interest.

370.     Plaintiff seeks injunctive and equitable relief to remedy the damages stated herein.

371.     Plaintiff seeks to recover costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

372.     Plaintiff requests damages in an amount which is fair and reasonable.

373.     Plaintiff seeks all remedies permitted by law.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant Hear USA, for actual and economic damage to make Plaintiff whole by providing appropriate back pay, front pay, interest, and benefits in amounts provided at trial; for future pecuniary loss; and for other affirmative relief necessary to eradicate the effects of Defendant Hear USA's unlawful practices; for injunctive relief including ordering Defendant Hear USA to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for injunctive relief removing statements which have, or may have, a negative impact on Plaintiff's career potential; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of

enjoyment of life, humiliation, embarrassment and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for liquidated damages for Defendant Hear USA's malicious conduct or reckless indifference described herein in amounts fair and reasonable to be determined at trial; for reasonable attorney's fees, expenses, expert fees, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT XI v. DEFENDANT HEAR USA**
***Failure to Pay Overtime***

374.    Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

375.    Plaintiff was entitled to overtime compensation at a rate of 1.5 times his regular rate of pay under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. §§ 290.500 *et seq*.

376.    At all relevant times, Defendant Hear USA has been and will continue to be an "employer" within the meaning of the MMWL.

377.    At all relevant times, Defendant Hear USA employed Plaintiff as an "employee" within the meaning of the MMWL.

378.    Defendant Hear USA failed to pay Plaintiff 1.5 times his regular rate of pay because Defendant Hear USA did not include his commissions in his overtime wages.

379.   By failing to include commissions in the regular rate of pay for Plaintiff, Defendant failed to pay Plaintiff overtime for all hours worked in excess of 40 hours in a week, in violation of the MMWL.

WHEREFORE, Plaintiff demands that Defendant Hear USA pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 in a workweek during the relevant time period, together with liquidated damages, reasonable attorney's fees, expenses, expert fees, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff respectfully requests a trial by jury, in the Circuit Court of Jackson County, Missouri at Independence, on all counts and allegations of wrongful conduct alleged in this Petition for Damages.

Respectfully submitted,

**EDELMAN, LIESEN & MYERS L.L.P.**

/s/ *Katherine E. Myers*
Katherine E. Myers,          MO #64896
Jessica L. Barranco,          MO #71777
208 W. Linwood Blvd.
Kansas City, MO  64111
(816) 533-4976
(816) 463-8449 (Fax)
kmyers@elmlawkc.com
jbarranco@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**

52

**2516-CV26173**

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [ ] EEOC | |

| MISSOURI COMMISSION ON HUMAN RIGHTS | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HCA Midwest** | **50+** | **(816) 698-7000** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **19600 E. 39th Street** | **Independence, MO 64057** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

OTHER (Specify)
[X] **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **2021**   Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Timothy McCorkle, bring this Charge of Discrimination against HCA Midwest, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent HCA.

Respondent HCA is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

In response, the property manager told me that she had heard negative things about this physician.

Nothing was done and the "occurrences" continued on a frequent basis.

For example, on or about June 27, 2024, the aforementioned conduct happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the

restroom, held the door open, and after a few moments, the masturbatory noises started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 8/26/24 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*      *Charging Party Signature* | |

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | P-12/24-05625 |
| | [ ] EEOC | |

**MISSOURI COMMISSION ON HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Holladay Property Services** | **6+** | **913.827.7012** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **19550 E. 39th Street, Independence, MO 64057** | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

OTHER *(Specify)*

[X] **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **2021**   Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against Holladay Property Services, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

Respondent is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

 In response, the property manager told me that she had heard negative things about this physician.

Nothing was done and the "occurrences" continued on a frequent basis.

For example, on or about June 27, 2024, the aforementioned conducted happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the

FILED

AUG 2 8 2024

Missouri Commission on Humans Rights- SL

restroom, held the door open, and after a few moments, the "masturbatory noises" started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8/26/24 _____ Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[ ] EEOC | |

| MISSOURI COMMISSION ON HUMAN RIGHTS | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Healthpeak Properties** | **6+** | **913.827.7012** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Independence, MO 64057** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

OTHER (Specify)

[X] **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **2021**   Latest: **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Timothy McCorkle, bring this Charge of Discrimination against Healthpeak Properties, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent.

Respondent is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

In response, the property manager told me that she had heard negative things about this physician.

Nothing was done and the "occurrences" continued on a frequent basis.

On or about June 27, 2024, the aforementioned conduct happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

the door open, and after a few moments, the masturbatory noises started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/26/24 _____<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | P-12/24-05622 |
| | [ ] EEOC | |

**MISSOURI COMMISSION ON HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **EMG Physical Medicine and Rehabilitation** | **6+** | **816.254.9595** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Ste. 415, Independence, MO 64057** | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest **2021**    Latest **Present**

[X] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

**ADDITIONAL RESPONDENT: Dr. Mark Killman, M.D., 19550 E. 39th Street, Ste. 415, Independence, MO 64057**

I, Timothy McCorkle, bring this Charge of Discrimination against Respondents EMG Physical Medicine and Rehabilitation and Dr. Mark Killman, for discrimination and harassment, and retaliation in public accommodation.

Respondents discriminated against me and subjected me to harassment and a hostile environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

Respondents are "persons" and offer services in places of public accommodation. They offer and hold out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public. Through their actions described herein, Respondents have, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom. These sounds/actions have been conducted by Respondent Killman.

Dr. Killman is a private practice physician who works in a neighboring suite on the same floor of my office building.

As time went on, I began to realize that the "occurrences" of the masturbation by Dr. Killman in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed Dr. Killman staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

On or about June 27, 2024, the aforementioned conducted happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held the door open, and after a few moments, the masturbatory noises started. The property manager stated she had heard enough and went to call security, who did nothing.

After reporting the conduct on multiple occasions to my employer and to the property manager, it is my

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

understanding Dr. Killman became aware of my complaints of sexual harassment. In retaliation, on or about August 6, 2024, Dr. Killman entered my place of work. I told him that he needed to leave. He began to walk towards my office within my work suite. I called the police, forcing him to leave, and then locked the doors.

The conduct I experienced by Respondents was and is frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job and utilize the place of public accommodation.

As a direct and proximate result of the actions and conduct of Respondents as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal law. Respondents have engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondents knew or should have known their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondents failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondents' actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondents' affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing, retaliatory acts.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

| 8/26/24 | _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date | Charging Party Signature | (month, day, year) |

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | E-11/24-56485 |
| | [X] EEOC | 28E-2025-00093 |

**MISSOURI COMMISSION ON HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | (816) 533-4976 | NA |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **HEAR USA** | **15+** | **855.898.1320** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Ste. 405** | **Independence, MO 64057** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

[X] RSMo. § 213.070 aiding and abetting

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: **2021**  Latest: **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against Hear USA ("Respondent"), my employer.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of my sex, male. I have also been subjected to retaliation.

I began working for Respondent approximately 5 years ago.

Respondent rents a medical suite in a building owned/managed by other entities.

For approximately over two years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

FILED

AUG 2 8 2024

Missouri Commission on Humans Rights- SL

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building.

As time has gone on, I have realized that the "occurrences" of the masturbation in the restroom have been targeting me. Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to Respondent for the first time in 2021, during a conversation with my then-District Manager. Nothing was done.

Over time, the "occurrences" became more frequent and audible.

In or about August of 2023, I reported the conduct to my District Manager for Respondent, as well as the property manager for the building. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the sounds did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me. I informed Respondent that I was very uncomfortable. Nothing was done in response.

In June 2024, I again reported the sexual harassment to Respondent. I provided significant detail of what had been occurring over the past three years. I explained that I would walk into a silent bathroom. Then, when I went to the urinal, the sounds (moaning, pornography, "slapping" which I assume to be masturbation) began. I reported that I have seen the physician staring at me through the stall cracks. I reported that on occasion, I have left the bathroom before finishing using it due to this harassment. I explained that the harassment occurred again the day before my report (June 27, 2024) and that I could not handle it anymore. I reported that I did involve the property manager by asking her to accompany me to the restroom. She held the door open as I entered the restroom. After a few moments, the physician initiated the pornography and masturbation. The property manager stated she had heard enough and went to call security, who did nothing.

I again complained to Respondent at the beginning of August 2024 of the sexual harassment I am experiencing.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

The situation has escalated to the point where I cannot even enter the restroom if the stall door is closed, as I am fearful that the physician is in there waiting for me.

On August 2, 2024, the physician entered my place of work and demanded to see me. I refused to see him. I was so upset after this encounter that I had to take the next workday off due to fear he would return to my office, and was forced to use PTO to avoid a person that is harassing me.

On August 6, 2024, the physician again entered my place of work. I told him that he needed to leave. He began to walk towards my office. I had to call the police and then locked myself in my office. I requested that Respondent assist me by having the legal department help obtain an order of protection against this physician, but have not received a response to that request.

Since reporting the sexual harassment, I noticed that I was experiencing negative treatment by Respondent. For example, Respondent has attempted to reduced the time I am to spend at another office location (in Paola, KS), which has a negative effect on my earnings. In or around January of 2024, my clinic was down for approximately one month for technological reasons; despite the fact that Respondent has an IT team that could have addressed these issues in an expedited fashion. Likewise, in or around January 2024, there were "issues" with shipping that had a negative impact on my commissions. In or around June 2024, when I would submit an IT ticket for help, that ticket would be closed without being resolved. And, in or around July 2024, I started receiving appointments on my calendar that were fake; I do not do all of my own scheduling for appointments, thus I have no control of this. However, due to the fact that the appointments are fake, this could affect my performance at work due to no-call no shows, despite me having no control over this. The fake appointments also negatively affect my commissions income, as I cannot earn money on fake appointments. I am deeply concerned that Respondent is making efforts to "paper my file" to find a reason to end my employment in retaliation for the protected complaints of harassment I have made.

The conduct I experienced at the hands of Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, and retaliation in contravention of state and federal law. Respondent has subjected me to barriers that have prohibited me from receiving equal employment opportunity based upon my membership in protected classes described herein. Respondent has engaged in/permitted a pattern and practice of discriminatory, retaliatory, and harassing, actions. Respondent, as an employer, knew or should have known of their long-standing obligation under the law to maintain a place of employment free of discrimination, retaliation, and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing and retaliatory acts.

FILED

AUG 2 8 2024

Missouri Commission on
Humans Rights- SL

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct.<br><br>8/26/24<br>Date     Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA <br> [ ] EEOC | **AMENDED** |

**MISSOURI COMMISSION ON HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HCA Midwest** | **50+** | **(816) 698-7000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19600 E. 39th Street** | **Independence, MO 64057** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[X] OTHER *(Specify)* **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **2021**   Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against HCA Midwest, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent HCA.

Respondent HCA is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

In response, the property manager told me that she had heard negative things about this physician.

Nothing was done and the "occurrences" continued on a frequent basis.

For example, on or about June 27, 2024, the aforementioned conduct happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held the door open, and after a few moments, the masturbatory noises started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I saw the same physician (mentioned above) through the cracks in the bathroom stall. Among others, I reported this conduct to the building's property manager.**

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive

damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

12/10/24

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Date                    Charging Party Signature

12/10/2024

TAYLOR RAMSEY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 3, 2028
JACKSON COUNTY
COMMISSION #24171920

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[ ] EEOC | AMENDED |

| MISSOURI COMMISSION ON HUMAN RIGHTS | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Holladay Property Services** | **6+** | **913.827.7012** |

| Street Address | City, State and ZIP Code |
|---|---|
| | **19550 E. 39th Street, Independence, MO 64057** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[X] OTHER *(Specify)* **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **2021** — Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against Holladay Property Services, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

**FILED**

DEC 11 2024

Missouri Commission on Humans Rights- SL

damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

**FILED**

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

Nothing was done and the "occurrences" continued on a frequent basis.

For example, on or about June 27, 2024, the aforementioned conducted happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held the door open, and after a few moments, the "masturbatory noises" started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I saw the same physician (mentioned above) through the cracks in the bathroom stall. Among others, I reported this conduct to the building's property manager.**

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions.

Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive

FILED

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent.

Respondent is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

In response, the property manager told me that she had heard negative things about this physician.

**FILED**

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/10/24 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | TAYLOR RAMSEY NOTARY PUBLIC - NOTARY SEAL STATE OF MISSOURI MY COMMISSION EXPIRES SEPTEMBER 3, 2028 JACKSON COUNTY COMMISSION #24171920 |

**FILED**

DEC 11 2024

Missouri Commission on
Humans Rights- SL

# 2516-CV26173

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[ ] EEOC | **AMENDED** |

|  |  |
|---|---|
| **MISSOURI COMMISSION ON HUMAN RIGHTS** | and EEOC |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees. Members | Phone No. (Include Area Code) |
|---|---|---|
| **Healthpeak Properties** | **6+** | **913.827.7012** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Independence, MO 64057** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION

[X] OTHER *(Specify)* **RSMo. § 213.070 aiding and abetting**

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **2021**   Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Timothy McCorkle, bring this Charge of Discrimination against Healthpeak Properties, including its parents, subsidiaries, affiliates and other responsible legal entities ("Respondent"), for discrimination and harassment in public accommodation.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of sex. I am a male individual.

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri. My office is located in a building that, from what I understand, is owned/managed by Respondent.

Respondent is a place of public accommodation, as it offers and holds out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public.

Through its actions described herein, Respondent has, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building. I believe both offices are rented and that one of the property managers/owners of the building is Respondent.

As time went on, I began to realize that the "occurrences" of the masturbation in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

In response, the property manager told me that she had heard negative things about this physician.

Nothing was done and the "occurrences" continued on a frequent basis.

On or about June 27, 2024, the aforementioned conduct happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held the door open, and after a few moments, the masturbatory noises started. The property manager stated she had heard enough and went to call security, who did nothing.

The masturbation in the restroom continues and the property manager/building owner has not done anything to stop it.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I saw the same physician (mentioned above) through the cracks in the bathroom stall. Among others, I reported this conduct to the building's property manager.**

The conduct I experienced by Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal law. Respondent has engaged in, or permitted, a pattern and practice of discriminatory and harassing actions. Respondent knew or should have known of their long-standing obligation under the law to maintain a place of public accommodation free of discrimination and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing acts.

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

state and federal law. Respondent has subjected me to barriers that have prohibited me from receiving equal employment opportunity based upon my membership in protected classes described herein. Respondent has engaged in/permitted a pattern and practice of discriminatory, retaliatory, and harassing, actions. Respondent, as an employer, knew or should have known of their long-standing obligation under the law to maintain a place of employment free of discrimination, retaliation, and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing and retaliatory acts.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/10/24
_Date_        _Charging Party Signature_

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

TAYLOR RAMSEY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 3, 2028
JACKSON COUNTY
COMMISSION #24171920

**2516-CV26173**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA ☐ EEOC | **AMENDED** |

| **MISSOURI COMMISSION ON HUMAN RIGHTS** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **EMG Physical Medicine and Rehabilitation** | **6+** | **816.254.9595** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Ste. 415, Independence, MO 64057** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **2021**    Latest **Present**

☒ CONTINUING ACTION

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

**ADDITIONAL RESPONDENT: Dr. Mark Killman, M.D., 19550 E. 39th Street, Ste. 415, Independence, MO 64057**

I, Timothy McCorkle, bring this Charge of Discrimination against Respondents EMG Physical Medicine and Rehabilitation and Dr. Mark Killman, for discrimination and harassment, and retaliation in public accommodation.

Respondents discriminated against me and subjected me to harassment and a hostile environment because of sex. I am a male individual.

**FILED**

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

I am, and at all relevant times was, employed by Hear USA. My office is located at 19550 E. 39th Street, Independence, Missouri.

Respondents are "persons" and offer services in places of public accommodation. They offer and hold out the general public services, privileges and facilities for the peace, comfort, health, and welfare of the general public. Through their actions described herein, Respondents have, both directly and indirectly, refused, withheld from and denied, and attempted to refuse, withhold from, and deny me the accommodations, advantages, and facilities made available in the building I work in.

For approximately three years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom. These sounds/actions have been conducted by Respondent Killman.

Dr. Killman is a private practice physician who works in a neighboring suite on the same floor of my office building.

As time went on, I began to realize that the "occurrences" of the masturbation by Dr. Killman in the restroom have been targeting me. The "occurrences" also have become more frequent over time.

Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed Dr. Killman staring at me through the stall door.

I reported this conduct to my employer and the property manager for Respondent on numerous occasions. I first reported to the property manager for Respondent in or about August 2023. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the "sounds" did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me.

On or about June 27, 2024, the aforementioned conducted happened again in the restroom. I made contact with the building property manager so that she could witness what was occurring. She came with me to the restroom, held

FILED

DEC 11 2024

Missouri Commission on
Humans Rights- SL

the door open, and after a few moments, the masturbatory noises started. The property manager stated she had

heard enough and went to call security, who did nothing.

After reporting the conduct on multiple occasions to my employer and to the property manager, it is my

understanding Dr. Killman became aware of my complaints of sexual harassment. In retaliation, on or about

August 6, 2024, Dr. Killman entered my place of work. I told him that he needed to leave. He began to walk

towards my office within my work suite. I called the police, forcing him to leave, and then locked the doors.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and**

**wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard**

**someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a**

**sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I**

**saw Dr. Killman through the cracks in the bathroom stall.**

The conduct I experienced by Respondents was and is frequent, severe, and extremely humiliating. The conduct

unreasonably interfered with my ability to do my job and utilize the place of public accommodation.

As a direct and proximate result of the actions and conduct of Respondents as set forth herein, I have been

subjected to discrimination, harassment, and a hostile work environment, in contravention of state and federal

law. Respondents have engaged in, or permitted, a pattern and practice of discriminatory and harassing actions.

Respondents knew or should have known of their long-standing obligation under the law to maintain a place of

public accommodation free of discrimination and harassment, yet Respondents failed to take reasonably

adequate steps to prevent discrimination and harassment.

As a result of Respondents' actions, I am seeking all relief allowable by law including but not limited to back-

pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive

damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the

Commission deems appropriate.

**FILED**

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

This Charge should be deemed to be notice to all of Respondents' affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing, retaliatory acts.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/10/24 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date            Charging Party Signature | |

TAYLOR RAMSEY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 3, 2028
JACKSON COUNTY
COMMISSION #24171920

FILED

DEC 1 1 2024

Missouri Commission on
Humans Rights- SL

Electronically Filed - Jackson - Independence - August 15, 2025 - 02:32 PM

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | **AMENDED** E-11/24-56485 |
| [ ] EEOC | 28E-2025-00093 |

### MISSOURI COMMISSION ON HUMAN RIGHTS

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr.. Ms.. Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees. Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **HEAR USA** | **15+** | **855.898.1320** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **19550 E. 39th Street, Ste. 405** | **Independence, MO 64057** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | |
|---|---|---|---|
| [ ] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION [ ] NATIONAL ORIGIN |
| [X] RETALIATION | [ ] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION |

OTHER *(Specify)*

[X] RSMo. § 213.070 aiding and abetting

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **2021** | **Present** |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed. attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against Hear USA ("Respondent"), my employer.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of my sex, male. I have also been subjected to retaliation.

I began working for Respondent approximately 5 years ago.

Respondent rents a medical suite in a building owned/managed by other entities.

For approximately over two years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building.

As time has gone on, I have realized that the "occurrences" of the masturbation in the restroom have been targeting me. Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to Respondent for the first time in 2021, during a conversation with my then-District Manager. Nothing was done.

Over time, the "occurrences" became more frequent and audible.

In or about August of 2023, I reported the conduct to my District Manager for Respondent, as well as the property manager for the building. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the sounds did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me. I informed Respondent that I was very uncomfortable. Nothing was done in response.

In June 2024, I again reported the sexual harassment to Respondent. I provided significant detail of what had been occurring over the past three years. I explained that I would walk into a silent bathroom. Then, when I went to the urinal, the sounds (moaning, pornography, "slapping" which I assume to be masturbation) began. I reported that I have seen the physician staring at me through the stall cracks. I reported that on occasion, I have left the bathroom before finishing using it due to this harassment. I explained that the harassment occurred again the day before my report (June 27, 2024) and that I could not handle it anymore. I reported that I did involve the property manager by asking her to accompany me to the restroom. She held the door open as I entered the restroom. After a few

moments, the physician initiated the pornography and masturbation. The property manager stated she had heard enough and went to call security, who did nothing.

I again complained to Respondent at the beginning of August 2024 of the sexual harassment I am experiencing. The situation has escalated to the point where I cannot even enter the restroom if the stall door is closed, as I am fearful that the physician is in there waiting for me.

On August 2, 2024, the physician entered my place of work and demanded to see me. I refused to see him. I was so upset after this encounter that I had to take the next workday off due to fear he would return to my office, and was forced to use PTO to avoid a person that is harassing me.

On August 6, 2024, the physician again entered my place of work. I told him that he needed to leave. He began to walk towards my office. I had to call the police and then locked myself in my office. I requested that Respondent assist me by having the legal department help obtain an order of protection against this physician, but have not received a response to that request.

Since reporting the sexual harassment, I noticed that I was experiencing negative treatment by Respondent. For example, Respondent has attempted to reduced the time I am to spend at another office location (in Paola, KS), which has a negative effect on my earnings. In or around January of 2024, my clinic was down for approximately one month for technological reasons; despite the fact that Respondent has an IT team that could have addressed these issues in an expedited fashion. Likewise, in or around January 2024, there were "issues" with shipping that had a negative impact on my commissions. In or around June 2024, when I would submit an IT ticket for help, that ticket would be closed without being resolved. And, in or around July 2024, I started receiving appointments on my calendar that were fake; I do not do all of my own scheduling for appointments, thus I have no control of this. However, due to the fact that the appointments are fake, this could affect my performance at work due to no-call no shows, despite me having no control over this. The fake appointments also negatively affect my commissions income, as I cannot earn money on fake appointments. I am deeply concerned that Respondent is making efforts to

"paper my file" to find a reason to end my employment in retaliation for the protected complaints of harassment I have made.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I saw the same physician (mentioned above) through the cracks in the bathroom stall. Among others, I reported this conduct to my supervisor and Human Resources.**

**On or about November 15, 2024, my District Manager called me regarding the aforementioned conduct that I reported. The District Manger told me that Hear USA does not consider this situation to be their responsibility. He said that despite Hear USA not claiming to be responsible for this situation, they were putting pressure on the property manager to get this situation resolved.**

**During the November 15, 2024 conversation, I asked the District Manager why Hear USA ended the sink project. The District Manager acted as if he did not know what I was talking about. I reminded him that months prior, there were funds available to install a sink directly in my office. This would allow me to use a sink to wash my hands instead of requiring me to go to the restroom in the hallway (where I encounter the physician as mentioned above). I am required to wash my hands before each appointment at work per Hear USA's policy. It is my understanding that Hear USA cancelled the sink installation project. I believe this is for discriminatory, harassing, and retaliatory reasons.**

The conduct I experienced at the hands of Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, and retaliation in contravention of

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>12/16/24<br>_____     _____<br>Date                              Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

TAYLOR RAMSEY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSION EXPIRES SEPTEMBER 3, 20
JACKSON COUNTY
COMMISSION #24171920

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[ ] EEOC | **SECOND AMENDED**<br>E-11/24-56485<br><br>28E-2025-00093 |

### MISSOURI COMMISSION ON HUMAN RIGHTS
*State or local Agency, if any*     and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Timothy McCorkle c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | **NA** |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **HEAR USA** | **15+** | **855.898.1320** |

| Street Address | City, State and ZIP Code |
|---|---|
| **19550 E. 39th Street, Ste. 405** | **Independence, MO 64057** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION

[X] OTHER *(Specify)* RSMo. § 213.070 aiding and abetting

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **2021**    Latest: **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Timothy McCorkle, bring this Charge of Discrimination against Hear USA ("Respondent"), my employer.

Respondent discriminated against me and subjected me to harassment and a hostile work environment because of my sex, male. I have also been subjected to retaliation.

I began working for Respondent approximately 5 years ago.

Respondent rents a medical suite in a building owned/managed by other entities.

Electronically Filed - JACKSON - INDEPENDENCE - August 15, 2025 - 02:56 PM

Electronically Filed - JACKSON - INDEPENDENCE - August 15, 2025 - 02:56 PM

For approximately over two years, on frequent occasions while using the restroom at work (a restroom open to the public on the same floor as my office), I have heard sounds of moaning, as if someone is masturbating, coming from the stall in the bathroom.

The individual engaging in this behavior is a private practice physician who works in a neighboring suite on the same floor of my office building.

As time has gone on, I have realized that the "occurrences" of the masturbation in the restroom have been targeting me. Frequently, when I walk into the restroom, the stall door will be closed and, once I begin to use the urinal, the moaning and sounds of masturbation begin. Often, I have heard pornography playing as well. I have also noticed the physician engaging in this behavior staring at me through the stall door.

I reported this conduct to Respondent for the first time in 2021, during a conversation with my then-District Manager. Nothing was done.

Over time, the "occurrences" became more frequent and audible.

In or about August of 2023, I reported the conduct to my District Manager for Respondent, as well as the property manager for the building. The report came after two "occurrences" of pornography and masturbation occurred in less than one week. I noticed that the sounds did not begin until I began using the urinal, which made me feel that the conduct was targeted towards me. I informed Respondent that I was very uncomfortable. Nothing was done in response.

In June 2024, I again reported the sexual harassment to Respondent. I provided significant detail of what had been occurring over the past three years. I explained that I would walk into a silent bathroom. Then, when I went to the urinal, the sounds (moaning, pornography, "slapping" which I assume to be masturbation) began. I reported that I have seen the physician staring at me through the stall cracks. I reported that on occasion, I have left the bathroom before finishing using it due to this harassment. I explained that the harassment occurred again the day before my report (June 27, 2024) and that I could not handle it anymore. I reported that I did involve the property manager by asking her to accompany me to the restroom. She held the door open as I entered the restroom. After a few

moments, the physician initiated the pornography and masturbation. The property manager stated she had heard enough and went to call security, who did nothing.

I again complained to Respondent at the beginning of August 2024 of the sexual harassment I am experiencing. The situation has escalated to the point where I cannot even enter the restroom if the stall door is closed, as I am fearful that the physician is in there waiting for me.

On August 2, 2024, the physician entered my place of work and demanded to see me. I refused to see him. I was so upset after this encounter that I had to take the next workday off due to fear he would return to my office, and was forced to use PTO to avoid a person that is harassing me.

On August 6, 2024, the physician again entered my place of work. I told him that he needed to leave. He began to walk towards my office. I had to call the police and then locked myself in my office. I requested that Respondent assist me by having the legal department help obtain an order of protection against this physician, but have not received a response to that request.

Since reporting the sexual harassment, I noticed that I was experiencing negative treatment by Respondent. For example, Respondent has attempted to reduced the time I am to spend at another office location (in Paola, KS), which has a negative effect on my earnings. In or around January of 2024, my clinic was down for approximately one month for technological reasons; despite the fact that Respondent has an IT team that could have addressed these issues in an expedited fashion. Likewise, in or around January 2024, there were "issues" with shipping that had a negative impact on my commissions. In or around June 2024, when I would submit an IT ticket for help, that ticket would be closed without being resolved. And, in or around July 2024, I started receiving appointments on my calendar that were fake; I do not do all of my own scheduling for appointments, thus I have no control of this. However, due to the fact that the appointments are fake, this could affect my performance at work due to no-call no shows, despite me having no control over this. The fake appointments also negatively affect my commissions income, as I cannot earn money on fake appointments. I am deeply concerned that Respondent is making efforts to

Electronically Filed - JACKSON - INDEPENDENCE - August 15, 2025 - 02:56 PM

Electronically Filed - JACKSON - INDEPENDENCE - August 15, 2025 - 02:56 PM

"paper my file" to find a reason to end my employment in retaliation for the protected complaints of harassment I have made.

**AMENDED ALLEGATIONS (IN BOLD):**

**On or about November 14, 2024, at approximately 4:15pm, I entered the restroom to use the urinal and wash my hands before my last work appointment of the day. Once I began to urinate in the urinal, I heard someone in the bathroom stall begin to masturbate. I believe the individual was masturbating because a sound as if someone was jingling a bag of coins loudly, which I believe was the individual's belt buckle. I saw the same physician (mentioned above) through the cracks in the bathroom stall. Among others, I reported this conduct to my supervisor and Human Resources.**

**On or about November 15, 2024, my District Manager called me regarding the aforementioned conduct that I reported. The District Manger told me that Hear USA does not consider this situation to be their responsibility. He said that despite Hear USA not claiming to be responsible for this situation, they were putting pressure on the property manager to get this situation resolved.**

**During the November 15, 2024 conversation, I asked the District Manager why Hear USA ended the sink project. The District Manager acted as if he did not know what I was talking about. I reminded him that months prior, there were funds available to install a sink directly in my office. This would allow me to use a sink to wash my hands instead of requiring me to go to the restroom in the hallway (where I encounter the physician as mentioned above). I am required to wash my hands before each appointment at work per Hear USA's policy. It is my understanding that Hear USA cancelled the sink installation project. I believe this is for discriminatory, harassing, and retaliatory reasons.**

*SECOND AMENDED ALLEGATIONS (In Bold and Italic):*

*I was presented with a performance review from Respondent on or about December 12, 2024. I believe some of the content of the performance review is untrue and was written in retaliation for me engaging in protected activity of opposing discrimination, harassment, and retaliation.*

*Respondent also delayed granting my request for PTO for a request I submitted on or about November 1, 2024 for January 23, 2025. I believe this was done in retaliation for me engaging in protected activity.*

*Respondent also subjected me to a "random" audit in December 2024. I believe this was done with the intent to try to find a pretextual reason to end my employment in retaliation for me engaging in protected activity.*

*Further, Respondent attempted to close the Paola clinic, which I worked at once per week. I believe this was done in retaliation for me engaging in protected activity.*

*Respondent has purposefully made business decisions specific to the clinics that I was the provider at to lower my clinic revenue, thereby negatively affecting my commissions in retaliation for me engaging in protected activity. For example, Respondent pushed to close one of my clinics. Respondent also failed to provide me with adequate staff.*

*I earned approximately $6,000 less this year than last year due to the retaliation I have been experiencing.*

*Respondent has purposefully made business decisions specific to the clinics I worked in to negatively affect my performance numbers. For example, since approximately August 2024, Respondent booked fake clients on my schedule to lower my clinic performance numbers. Respondent also refused to correct an IT issue in December 2024/January 2025 which essentially shut down one of the clinics I worked at.*

*Respondent denied me the same opportunities as other employees. For example, Respondent refused to send telehealth appointments to me; Respondent only sent them to the other office in Missouri. I asked for the same opportunities in or about October 2024 and December 2024, yet these opportunities were not provided to me, in retaliation for me engaging in protected activity.*

*Since approximately August 2024, I was also left out of important communications and not given important information that affected day-to-day operations. I believe this was in retaliation for my engaging in protected activity.*

*In January 2025, I requested a meeting with the then-Regional Director to discuss the ongoing issues, who ignored my request. I then requested a meeting with the CEO, who also did not meet with me.*

Electronically Filed - JACKSON - INDEPENDENCE - August 15, 2025 - 02:56 PM

*In January 2025, I went to work and was locked out of the system. I believed this was for discriminatory, harassing and retaliatory reasons. I believe I was terminated from my employment at that time.*

*Respondent contends my being locked out of the system was an error on their part.*

*Ultimately, if I was not terminated from my employment with Respondent, I was constructively discharged from my employment. My resignation was not voluntary; rather, due to the actions and inactions of Respondent, Respondent made it impossible for me to continue working. My employment ended for discriminatory, harassing, and retaliatory reasons.*

The conduct I experienced at the hands of Respondent was frequent, severe, and extremely humiliating. The conduct unreasonably interfered with my ability to do my job.

As a direct and proximate result of the actions and conduct of Respondent as set forth herein, I have been subjected to discrimination, harassment, and a hostile work environment, and retaliation in contravention of state and federal law. Respondent has subjected me to barriers that have prohibited me from receiving equal employment opportunity based upon my membership in protected classes described herein. Respondent has engaged in/permitted a pattern and practice of discriminatory, retaliatory, and harassing, actions. Respondent, as an employer, knew or should have known of their long-standing obligation under the law to maintain a place of employment free of discrimination, retaliation, and harassment, yet Respondent failed to take reasonably adequate steps to prevent discrimination and harassment.

As a result of Respondent's actions, I am seeking all relief allowable by law including but not limited to back-pay, front-pay, lost benefits, emotional distress damages, other pecuniary and non-pecuniary damages, punitive damages, attorney fees, expenses, and costs, interest, injunctive and equitable relief, and any other remedy the Commission deems appropriate.

This Charge should be deemed to be notice to all of Respondent's affiliates, subsidiaries, parents, agents, and supervisors who interacted with me.

I am filing this Charge individually and on behalf of all persons similarly situated.

The description herein is a summary of events highlighting several key points, and I reserve the right to add or amend my allegations at a later time, including in litigation. What is stated herein is part of a continual interrelated pattern and series of discriminatory, harassing and retaliatory acts.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

3/7/25

_____
Date

_____
Charging Party Signature